IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00969-DDD-NRN

**TROY BUTTON,**
**individually and on behalf of others similarly situated, et al**.,

    Plaintiffs,

v.

**OTTER PRODUCTS, LLC**,

    Defendant.

___

**DEFENDANT OTTER PRODUCTS LLC'S MOTION TO INCREASE PAGE LIMIT FOR MOTION TO DISMISS**

___

Pursuant to this Court's Practice Standards for Civil Cases, DDD Civ. P.S. III.A.5, Defendant Otter Products, LLC ("Otter") respectfully requests, for Otter's anticipated Motion to Dismiss to be filed on May 26, 2025 (*see* Dkt. 16), that it be granted leave to exceed this Court's 4,000 word limit for motions under DDD Civ. P.S. III.A.1., and be permitted a word limit of 6,000 words.

A "party may file a motion to exceed the word limitation explaining the reasons why additional words are necessary." DDD Civ. P.S. III.A.5. Additional words are necessary for Otter's anticipated motion to dismiss. This case involves complex consumer class action claims over Otter's warranty for its phone and tablet cases. This action is brought by ten (10) plaintiffs asserting fifteen (15) causes of action. *See* Second Amend, Compl., Dkt. 19. Plaintiffs bring claims under the laws of at least nine (9) different states, *id.* ¶¶ 97–306, and seek to represent a

nationwide class and twenty-six (26) different sub-classes. *Id.* ¶¶ 77–86. Otter will be filing a motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), which is intended to narrow and streamline the issues in this case, if not dispose of it entirely. Among the issues to be addressed in Otter's motion are that Plaintiffs fail to plead a breach of warranty under each Plaintiffs' respective home-state laws, Plaintiffs' common law and statutory consumer fraud claims fail are not supported by plausible or specific factual allegations, that certain Plaintiff's claims are barred by the appliable statutes of limitations, and that the complaint includes remedies that are barred under the applicable law. An effective presentation of the issues in Otter's anticipated motion will require more than 4,000 words, which is the equivalent of fifteen (15) pages. Otter therefore requests that it be granted 6,000 words—the equivalent of twenty-five (25) pages.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, counsel for Plaintiffs and Otter conferred by videoconference on May 19, 2025. Plaintiffs have conditioned their consent to this request on Otter consenting to Plaintiffs having forty-five (45) days to file a response to Otter's motion to dismiss. Otter will continue to discuss discuss a reasonable briefing schedule, and that issue has been raised in the parties joint [Proposed] Scheduling Order. As indicated there, Otter opposes Plaintiffs' requested briefing schedule. Dkt. 24, at 18. Plaintiffs' proposed schedule would unnecessarily prolong settling the pleadings. Otter will address the briefing schedule during the Scheduling Conference on May 27, 2025. Dkt. 10. But Otter does not agree to Plaintiffs' briefing schedule as a condition to a request for an increased word limit.

## CONCLUSION

For the foregoing reasons, Otter respectfully requests that the word limit under DDD Civ. P.S. III.A.1 be increased to 6,000 words for purposes of Otter's anticipated Rule 12(b)(6) motion, to be filed on May 26, 2025.

Dated: May 20, 2025

                                                        Respectfully submitted,

                                                        */s/ Elizabeth A. Och*

                                                        **HOGAN LOVELLS US LLP**

Elizabeth A. Och
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone: 303.899.7300
elizabeth.och@hoganlovells.com

Trenton H. Norris
4 Embarcadero Center, Suite 3500 San Francisco, CA 94111
Telephone: (415) 374 2300
trent.norris@hoganlovells.com

Joseph R. O'Connor
1999 Avenue of the Stars, Suite 1400 Los Angeles, CA 90067
Telephone: (310) 785 4600
joe.oconnor@hoganlovells.com

*Attorneys for Otter Products, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2025, a true and correct copy of the foregoing **DEFENDANT OTTER PRODUCTS LLC'S MOTION TO INCREASE PAGE LIMIT FOR MOTION TO DISMISS** was electronically filed and served via CM/ECF on all counsel of record.

                                                         */s/ Elizabeth A. Och*